UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA for the use
and benefit of FIVE STAR ELECTRIC CORP.,

        Plaintiff,

   -v-                                                                    No.  15 CV 4961-LTS

LIBERTY MUTUAL INS. CO. and
CAULDWELL-WINGATE CO., LLC,

        Defendants.

-----------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

        Plaintiff Five Star Electric Corp. ("Five Star") was a subcontractor of Defendant Cauldwell-Wingate Co., LLC ("Cauldwell") for a construction project at the Thurgood Marshall United States Courthouse in Manhattan, and brings this suit under the Miller Act, 40 U.S.C. § 3131, and for breach of contract and unjust enrichment.  (Docket entry no. 8 ("Complaint").) This Court has subject matter jurisdiction of the Miller Act claim pursuant to 28 U.S.C. § 1331 and may exercise supplemental jurisdiction of the state-law claims pursuant to 28 U.S.C. § 1367. Before the Court is a motion by Cauldwell and Liberty Mutual Insurance Company ("Liberty Mutual" and, with Cauldwell, "Defendants"), to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

        The Court has carefully considered the parties' submissions and, for the reasons that follow, Defendants' motion is granted and the Complaint is dismissed, with leave for a motion to replead.

BACKGROUND

The following factual background is drawn from the Complaint, and is taken as true for the purposes of this motion to dismiss.

Cauldwell was the general contractor for a project at the Thurgood Marshall United States Courthouse. (Complaint ¶ 7.) Liberty Mutual issued a payment bond to the General Services Administration of the United States ("GSA") in connection with the award of the general contract to Cauldwell. (Complaint ¶ 23.) Cauldwell subcontracted with Five Star to perform certain electrical work for the specified sum of $43.1 million. (Complaint ¶ 8.)

At Cauldwell's request, Five Star performed unspecified additional work that is alleged to have been outside the scope of the subcontract. (Complaint ¶ 9.) Five Star acknowledges that it has been paid roughly $55.9 million for its work, a sum greater than that specified in the subcontract, but alleges that it is owed an additional unspecified sum because it did additional work and incurred additional costs due to delays and other "acts and/or omissions by [Cauldwell] and/or the GSA." (Complaint ¶¶ 11-17.) Five Star alleges generally that it believes it is owed more than $20,000,000 for this additional work, but the Complaint contains no specific factual allegations relating to the nature of the additional work and expenses, or the calculation of this additional sum. (Complaint ¶¶ 17, 21.)

DISCUSSION

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court accepts as true the non-conclusory factual allegations in the complaint and draws all inferences in the Plaintiff's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007).

The complaint must proffer sufficient non-conclusory facts to "plausibly suggest an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). A complaint that contains only "naked assertion[s]" will not suffice. Twombly, 550 U.S. at 557.

Here, the Complaint contains only sparse and general factual allegations that are insufficient to state a claim under Federal Rule of Civil Procedure 8 and the Supreme Court's guidance in Twombly and Iqbal. The Complaint relates that Five Star entered into a $43.1 million contract and has been paid almost $59 million. Five Star's claim that it is owed an additional $20 million is premised on no specific facts whatsoever. A broad, unsupported, and conclusory statement that a defendant owes more money than was paid under a contract is precisely the type of "naked assertion" of a claim that does not suffice under Twombly.

Moreover, even were the Court to accept Five Star's premise that it is owed an additional sum of money due to unspecified delays and inefficient work, the Complaint does not allege plausibly that the Defendants are the parties responsible for that fact. The Complaint states that Five Star incurred additional costs due to "acts and/or omissions by [Cauldwell] and/or the GSA" (Complaint ¶ 15), meaning that it is possible that a third party (the GSA) is solely responsible for Five Star's claimed damages. This lack of specificity further undermines the sufficiency of Five Star's pleading.

Accordingly, Five Star has not stated a claim for damages that meets the standards of Federal Rule of Civil Procedure 8(a).

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint is granted. Five Star may move for leave to amend by **November 30, 2016**. Any such motion

must be accompanied by a proposed amended complaint. In the absence of a timely motion for leave to amend, the Complaint will be dismissed with prejudice and the case will be closed without further advance notice.

The initial pre-trial conference scheduled for November 4, 2016, is adjourned <u>sine die</u>. This Memorandum Opinion and Order resolves docket entry no. 40.

SO ORDERED.

Dated: New York, New York
        November 1, 2016

<u>/s/ Laura Taylor Swain</u><br>
LAURA TAYLOR SWAIN<br>
United States District Judge